UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN TERHUNE,

    Plaintiff,

v.                                CASE No. 8:13-CV-2063-T-TGW

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

_____

## ORDER

THIS CAUSE came on for consideration upon Plaintiff's Consent Petition for Attorney Fees (Doc. 20) filed by counsel for the plaintiff on November 19, 2014. Having considered the application, the defendant's lack of objection, and the pertinent factors regarding an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), the plaintiff shall be awarded $5,092.50 in fees and $40.00 in costs to be paid, by virtue of a fee assignment, to plaintiff's counsel by the defendant if the plaintiff does not owe a debt to the United States Department of the Treasury.

        The applicant represented the plaintiff in this action seeking review of a denial of Social Security disability benefits. This matter was

remanded to the Social Security Administration by order of this court (Doc. 18). Judgment was entered in favor of the plaintiff on September 17, 2014 (Doc. 19). The plaintiff then filed an application for attorney's fees under the EAJA, and requests that the fees be paid directly to his attorney if the United States Department of the Treasury determines that the plaintiff does not owe a federal debt. The Supreme Court in Astrue v. Ratliff, 560 U.S. 586 (2010), approved the payment of fees directly to a plaintiff's attorney in cases where the plaintiff does not owe a debt to the government and assigns the right to such fees to the attorney.

The EAJA requires a court to award attorney's fees to any party prevailing in litigation against the United States unless the court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. 2412(d)(1)(A). In this case, the applicant has requested an award of attorney's fees in the amount of $5,510.74 (Doc. 20). This amount represents a total of 4.3 hours of service before the court in 2013 at an hourly rate of $187.02 and 24.8 hours in 2014 at an hourly rate of $189.78 by attorneys Marjorie A. Schmoyer (3.8 hours in 2013 and .6 hours in 2014) and Sarah H. Bohr (.5 hours in 2013 and 24.2

hours in 2014) (id., pp. 2, 4; Doc. 20-1, p.1).* The plaintiff represents that the defendant has no objection to the motion (Doc. 20, p. 2). Furthermore, the defendant has not filed an opposition memorandum and, therefore, it is assumed that the motion is unopposed. See Local Rule 3.01(b).

There is no question that the plaintiff is a prevailing party. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Moreover, the defendant has not suggested any basis for determining that an award of attorney's fees would be unjust. Consequently, the plaintiff is entitled to an award of attorney's fees.

The claim of 29.1 hours for services performed in this case appears reasonable. Importantly, the defendant has not challenged that claim.

As for counsel's hourly rate, the applicant asserts that a cost-of-living adjustment merits raising the hourly rate typically awarded from $125.00 per hour to $187.02 per hour for work performed in 2013, and up to $189.78 for work done in 2014 (see Doc. 20, p. 2). In the past, the Commissioner has not objected to such an adjustment, and no objection has been asserted here. Nevertheless, that request seems unreasonable under the circumstances.

---

*The motion states that Bohr worked 27.10 hours in 2014 (Doc. 20, p. 2). However, the itemization of hours attached to the motion reflects 24.2 hours in 2014 (id., p. 4). Thus, it appears the request for 27.10 hours is a typographical error.

The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living ... justifies a higher fee." 28 U.S.C. 2412(d)(2)(A). Over the years since the increase of the fee cap to $125.00 per hour (and it is a fee cap, not a fee minimum), many Social Security practitioners in this division have annually requested a cost-of-living adjustment. The Commissioner has not objected to these requests and I have therefore accepted them without evaluation, despite the fact that there came a point when I questioned whether the fee requests were reasonable. As a consequence of these annual increases, the cap of $125.00 per hour had, recently, become a base of at least $175.00 per hour.

However, a request exceeding an hourly rate of $175.00 is patently beyond the bounds of reason. Thus, as I have previously emphasized, I consider that it is clearly unreasonable to award a lawyer who has prevailed in a Social Security case $187.02 per hour for work performed in 2013 and $189.78 for 2014 services when $178.00 was the maximum rate for criminal defense lawyers appointed to defend capital cases. Unquestionably, it is far more demanding and challenging to defend a case where the defendant is facing the death penalty than it is to seek review of an adverse decision based

upon an administrative transcript. Consequently, a lawyer prevailing in a Social Security case should not be paid a greater rate, or even a similar rate, than is paid to a criminal defense attorney defending a capital case. Accordingly, the request for an hourly rate of $187.02 for work performed in 2013 and $189.78 for work in 2014 is unreasonable.

As I have already done in other cases making a similar request, I will award a rate of $175.00 per hour for work performed during 2013 and 2014, although that is only a few dollars per hour less than was paid for work defending capital cases those years.

For the foregoing reasons, Plaintiff's Consent Petition for Attorney Fees (Doc. 20) is hereby **GRANTED** to the extent that the plaintiff is awarded the amount of $5,092.50 in an attorney's fee and $40.00 in costs to be paid to the plaintiff's counsel by the defendant pursuant to the EAJA if the plaintiff is not indebted to the United States Department of the Treasury.

IT IS SO ORDERED.

DONE and ORDERED at Tampa, Florida, this 11th day of December, 2014.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE